IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 15-mj-01113-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ALEJANDRO DAVID LOPEZ,

      Defendant.

---

ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on July 16, 2015.

The government is requesting detention in this case presented testimony from US Department of State Special Agent Dean Waters in support. The defendant requested release on bond and the ability to transport himself to face the outstanding charges in Utah. In making my findings of fact, I have taken judicial notice of the information set forth in the court's docket of proceedings and the Pretrial Services Report as well as the testimonial evidence and the arguments and offers of proof of counsel.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of

1

any other person or the community.   18 U.S.C. § 3142(b).   The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)   the weight of the evidence against the person;

    (3)   the history and characteristics of the person including–

        (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

SA Waters testified that he has been investigating the Defendant for several years and has coordinated his investigation with those occurring in at least Minnesota, Utah and Nebraska. Additionally, he is aware that the Defendant has appeared in California, Texas, Oregon, Florida and New Mexico in the last few years as well.   When the indictment was returned in this case in Utah in May 2014, SA Waters undertook considerable efforts to find the Defendant however because of the number of identities the Defendant has assumed, it was very difficult to locate him as he jumped from state to state.   According to SA Waters, the Defendant has stolen the identity of several real people who the agent was able to talk to and interview.   Those individuals reported that the Defendant's activities have caused them considerable distress in that they are unable to obtain loans or mortgages, they have been unable to open bank accounts and in one case a person is stranded overseas and unable to return to the United States because he is concerned he will be arrested on charges caused by Defendant's identity theft.   Defendant has submitted paperwork to obtain at least two passports under the names of the identities he has allegedly stolen.   When the Defendant was finally arrested in Colorado, he had identification and other documents on his person for at least three of the people from whom he allegedly stole identities.

The Pretrial Services office was unable to turn up very much information about the Defendant.   The Defendant proffered that he had a step-father and step-brother and a mother here in Colorado.   The step-relatives were in court during the Defendant's detention hearing but the location given for the Defendant's mother was not correct and she was unavailable for any contact. Therefore, it appears that any family connections here in Colorado are tenuous and suspect.

In 2011, the Defendant was arrested in Aurora, Colorado and pleaded guilty to Criminal Impersonation for using the identity of one of the persons who are complainants in the current Utah case.   He was sentenced to two years probation, however SA Waters stated that during the time Defendant was on probation in that case, SA Waters was aware that the Defendant continued to impersonate and use the identities of others and two of the applications for passport in false identities were made during that time.   In fact, one of the applications was in the name of the individual who Defendant admitted impersonating in the Aurora, Colorado case; nonetheless in a matter of months Defendant was attempting to get a passport using that person's identity.   There are pending similar charges in Nebraska currently pending.   At his initial appearance the Defendant told this court he was a citizen of Canada.   He did not mention that he had family members in Colorado.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   Further, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably insure the safety of other persons, including the defendant, or the community.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal and for transport to the District of Utah to face charges there forthwith; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   July 16, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge